1  STEVEN N. HOLLAND /CS SB # 132321
2  JUSTIN J. SCHNITZLER /CA SB # 240966
   **RING HUNTER HOLLAND & SCHENONE, LLP**
3  3697 Mt. Diablo Blvd., Suite 205
4  Lafayette, CA  94549
   Tel:       (925) 226-8248
5  Email:    sholland@rhhslaw.com
              jschnitzler@rhhslaw.com
6
7  Attorneys for Specially Appearing Defendant
   SHAUL COHEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JANCE M. WEBERMAN, A PROFESSIONAL LAW CORPORATION, a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>NOBLE COLLECTION, dba NOVEL COLLECTION, and SHAUL COHEN, and Does 1 through 10 inclusive<br><br>        Defendants. | Case No:     2:24-cv-5230<br><br>Los Angeles Super. Court Case No.: 24STCV09949<br><br>**SPECIALLY APPEARING DEFENDANT SHAUL COHEN'S NOTICE OF REMOVAL TO FEDERAL COURT**<br>              (DIVERSITY) |
|---|---|

**TO THE CLERK OF THE UNITED STATED DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, while preserving all protections, rights, factual, procedural and other defenses, specially appearing Defendant **SHAUL COHEN** hereby removes to this Court the California state court action described below pursuant to 28 U.S.C. §1446(a). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on diversity jurisdiction. This case may be properly removed to this Court pursuant to 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1446(a), this removal is supported by a copy of the Complaint filed by **JANCE M. WEBERMAN**, a Professional Law Corporation ("**Plaintiff**" or "**Weberman**") in the Los Angeles County Superior Court (*see,* Cohen Decl., **Ex. 1**). This removal is also supported by the Declaration of Specially Appearing Defendant Shaul Cohen, a citizen of the State of New Jersey, filed concurrently herewith.

## I.  BACKGROUND

### A.  WEBERMAN'S FEE DISPUTE WITH NOBLE COLLECTION, INC.

In or about November 2020, first-named defendant NOBLE COLLECTION, INC., dba NOVEL COLLECTION ("**Noble**") engaged Plaintiff Weberman to represent Noble in a legal action in California to recover diamonds sold but not paid for by a California customer. *See, id.*, **Ex. 1**, Complaint, ¶¶ 7-8 (Ex. 1). Plaintiff Weberman's legal services were problematic, causing Noble to engage new and separate California counsel to recover the at-issue diamonds. A dispute arose between Plaintiff and Noble regarding the excessive fees Plaintiff charged.

Plaintiff and Noble proceeded to fee arbitration by and through the Los Angeles Bar Association's Attorney-Client Mediation and Arbitration Services, resulting in an award Plaintiff did not accept. *See, id.*, **Ex. 1**, ¶¶ 16-8. Plaintiff then filed a California State Court lawsuit in the Los Angeles County Superior Court entitled JANCE M. WEBERMAN PROFESSIONAL LAW CORPORATION, etc.

RING HUNTER
HOLLAND &
SCHENONE, LLP

v. NOBLE COLLECTION, [sic] dba NOVEL COLLECTOIN, and SHAUL COHEN, etc., Case No. 24STCV09949 ("**Action**"). *See, id.*, **Ex. 1** (which includes the Complaint as well as "all process, pleadings, and orders served upon" specially appearing defendant Cohen concerning the Action. *See* 28 U.S.C. §1446(a)).

### B. WEBERMAN IMPROPERLY SUES SHAUL COHEN

In his Complaint, Plaintiff Weberman improperly named as a defendant in the Action specially appearing defendant Shaul Cohen. *Id*. Mr. Cohen is not a party to any agreement pled in the Action (*id*., ¶ 7), is a resident of the State of New Jersey (*id*., ¶ 3), has not consented to personal jurisdiction in California (*id*., ¶ 4), is not domiciled in California (*id*., ¶ 5), has no meaningful personal presence or personal contacts in California (*id*., ¶ 6), and has not been personally served in the Action in California or New Jersey or otherwise (*id*., ¶¶ 8-9).[1]

### C. SUBSTITUTE SERVICE ATTEMPTED ON SHAUL COHEN

Plaintiff Weberman attempted to serve specially appearing defendant Cohen at the New York office of Noble on May 15, 2024. *See, id.*, **Ex. 2**. This attempt was not effective, however, as the process server did not mail the additional copy of the Summons, Complaint, and related documents as required. *See, id.*, ¶ 10.

Regardless, the Summons, Complaint, etc., were purportedly also sent via U.S. mail on May 15, 2024 from "Los Angeles," California as required and pursuant to California Code of Civil Procedure "§415.20". *See, id.*, **Ex. 2**, 5.b.(4). Accordingly, the attempted substitute service on specially appearing defendant Cohen "is deemed complete on the 10th day after the mailing" at the earliest, *i.e.*, on May 25, 2024. *See,* CAL. CIV. PROC. CODE §415.20(b). The first possible date upon which specially appearing defendant Cohen can be deemed to have been served with the Complaint in the Action, therefore, is **May 25, 2024**. *Id*.

---

[1] Specially appearing defendant Cohen intends to timely file a motion to dismiss the Action as to him, personally, based on lack of personal jurisdiction, *inter alia*.

## II. GROUNDS FOR REMOVAL

The Action is a civil case of which this Court has original jurisdiction under 28 U.S.C. § 1332. It is an action that may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441(b) as it is a civil case between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, the principal amount in controversy is alleged by Plaintiff to be "$92,285.00," exclusive of interest and costs. *See, id.* ¶11, **Ex. 1**, ¶18, ¶25 and ¶31.

### A. COMPLETE DIVERSITY OF CITIZENSHIP

Complete diversity of citizenship exists in that Plaintiff admits that it is a citizen of the State of California (*id.*, **Ex. 1** (¶1 (1:26-28)), specially appearing defendant Cohen is a citizen of the State of New Jersey (*id.*, ¶3), and defendant Noble was and is a corporation duly and properly incorporated under the laws of the State of New York and that has its principal place of business in the State of New York (*id.*, ¶¶13-15 , **Exs. 3 & 4**).

Specially appearing defendant Cohen is the only defendant who has been purportedly served with Complaint in this Action. *See, id.,* **Ex. 2**, §3.

### B. TIMELY REMOVAL

As noted above, the first possible date upon which specially appearing defendant Cohen may be deemed to be served with the Complaint in the Action is May 25, 2024. *See,* CAL. CIV. PROC. CODE §415.20(b). As a matter of well-settled law, the thirty (30) day deadline to remove the Action to this Court begins upon formal service of the Complaint, <u>not</u> upon the informal receipt of the Complaint, such as by receiving a courtesy copy via facsimile. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Destfino v. Reiswig,* 630 F.3d 952, 956 (9th Cir. 2011).

Equally well-settled law states that "the sufficiency of service of process prior to removal is strictly a state law issue." *See, Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds*, *California Dept. of Water*

*Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008)). Under governing California law, the service of a complaint by substituted service, as we have here (Cohen Decl., **Ex. 2**), "is deemed complete on the 10th day after the mailing." *See,* CAL. CIV. PROC. CODE §415.20(b). Accordingly, setting aside for now the deficiencies with the purported substituted service on specially appearing defendant Cohen (*id.,* ¶10), the earliest possible date that service of the Complaint on Mr. Cohen in this case may be deemed completed is <u>May 25, 2024</u>. *See,* CAL. CIV. PROC. CODE §415.20(b).

With the earliest possible service date of May 25, 2024, specially appearing defendant Shaul Cohen's thirty (30) days in which to remove the Action to this Court ends on Monday, June 24, 2024. *See* 28 U.S.C. §1446(b); *see also, Murphy Bros., supra*, 526 at 347 (1999); *Destfino, supra,* 630 F.3d at 956.

### C. DEFENDANT NOBLE CONSENTS TO REMOVAL

Defendant Noble is the only defendant in the Action other than specially appearing defendant Shaul Cohen. *See* Cohen Decl., **Ex. 1**. Defendant Noble has not been served with the Summons or Complaint in the Action. Nonetheless, Defendant Noble has consented to the removal of the Action to this Court to ensure completeness. *See id.,* ¶16; 28 U.S.C. §1446(b)(2)(A); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*.

## III. CONCLUSION

Removal of the Action to this Court is proper. Specially appearing defendant Shaul Cohen certifies that he will promptly file this Notice of Removal with the Los Angeles County Superior Court and promptly serve Plaintiff with same.

DATED:  June 20, 2024          **RING HUNTER HOLLAND & SCHENONE, LLP**

By: _____
    STEVEN N. HOLLAND
    Attorneys for Specially Appearing
    Defendant **SHAUL COHEN**

## PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18 years, and not a party to the within action. My business address is located at: 3697 Mt. Diablo Blvd., Suite 205, Lafayette, California. On the date set forth below I served the foregoing document(s) described as:

**SPECIALLY APPEARING DEFENDANT SHAUL COHEN'S NOTICE OF REMOVAL TO FEDERAL COURT** (DIVERSITY)

on the parties or attorneys for parties in this action identified below, using the following means.

__X__   **BY ELECTRONIC DELIVERY**. On the date set forth below, I personally caused a true and correct copy of the aforementioned document(s) to be sent via electronic mail to the email addresses indicated to the representative(s) of the firm(s) listed per applicable Federal and/or State laws, statutes, rules, regulations, and/or prior agreement.

_____   **BY MAIL**. I placed a true and correct copy of the aforementioned document(s) in a sealed envelope individually addressed to each of the below-identified parties or persons and caused each such envelope to be deposited with the U.S. Postal Service and/or picked up by an authorized representative on that same day with fees fully prepaid at _____, California, in the ordinary course of business.

Jance M. Weberman
A Professional Law Corporation
208 S. Highland Ave.
Los Angeles, CA  90036

<u>Telephone:</u>   (213) 386-9100
<u>Email:</u>          trialcounsel@janceweberman.com

**Attys. for**:  Plaintiff Jance M. Weberman,
                       a Professional Law Corporation

__X__   **(State)** I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 21, 2024, at Napa, California.

_____
STEVEN N. HOLLAND