UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-05230 AB (AJRx) | Date: | September 19, 2024 |
|---|---|---|---|

| Title: | *Jance M. Weberman, a Professional Law Corporation, v. Noble Collection, Inc., dba Novel Collection, et. al.* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 9]**

Pending before the Court is Plaintiff Jance M. Weberman's ("Plaintiff") Motion to Remand, filed July 3, 2024. (Dkt. No. 9.) Defendant Noble Collection, Inc. dba Novel Collection and specially appearing Defendant Shaul Cohen ("Defendants") filed its opposition on August 8, 2024. Plaintiff did not file its reply. The motion and its respective opposition cover the same issues and arguments. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The September 20, 2024 hearing date is **VACATED**.

Having considered the materials submitted by the parties, and for the reasons indicated below, the Court **DENIES** Plaintiff's Motion to Remand (Docket No. 9.)

### DISCUSSION

On April 19, 2024, Plaintiff filed this action in state court, asserting state law claims against Defendants. On April 22, 2024, Plaintiff personally emailed the

Defendant Shaul Cohen the complaint and summons. (Dkt. No. 9). On May 10, 2024, Defendants' attorney emailed Plaintiff stating he needed Defendant Cohen's approval prior to accepting service. (*Id.*). On May 15, 2024, Plaintiff served Defendant Cohen via substituted service at Defendant Noble Collection's address in New York. (*Id.*). Additionally, on May 15, 2024, Plaintiff mailed the documents to Defendant Noble Collection's New York address from Los Angeles. (*Id.*).

On June 21, 2024, Defendants removed the action under 28 U.S.C. § 1332(a) based on diversity jurisdiction. (Dkt. No. 1). The diversity of parties is not at issue. On July 3, 2024, Plaintiff filed the present motion, alleging Defendants were untimely in removing the case. Plaintiff asserts the date of service is May 15, 2024, the date Mr. Cohen was served via substituted service. In its opposition, Defendants assert the date of service is May 25, 2024, pursuant to CAL. CIV. PROC. CODE §415.20(b), which states substituted service is "deemed complete on the 10th day after the mailing," making the removal timely.

The Court agrees with Defendants. Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal of a civil action must be filed within thirty days after "formal service" upon the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). The sufficiency of service of process prior to removal is "strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds, California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008)). Under governing California law, the service of a complaint by substituted service "is deemed complete on the 10th day after the mailing." *See* CAL. CIV. PROC. CODE §415.20(b). As such, the earliest possible date service may be deemed completed on Defendant Cohen is May 25, 2024. Thus, the June 21, 2024 removal is timely.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. No. 9) and **VACATES** the hearing scheduled for September 20, 2024.

**IT IS SO ORDERED.**